MAY TERM, 1881, No. 133.                    MAY 16TH, 1881.

## Kreiter *versus* Miller.

Where a promissory note was made payable " at my convenience whenever I have funds in hands to pay the same," and the maker testified that it was not convenient for her to pay it, and never had been so, it was *held* that the payee could not recover.

ERROR to the Court of Common Pleas of *Dauphin County.*

Assumpsit by J. M. Kreiter against Ellen Miller on a promissory note in the following form :

"HARRISBURG, April 1st, 1871.

" On demand, I promise to pay to J. M. Kreiter thirty-four hundred and thirty-three dollars and six cents without interest, to be paid at my convenience whenever I have funds in hands to pay the same.

$3433.06                              ELLEN WARD MILLER."

On it was indorsed " July 21st, 1871, Cr. by $500.50, Mrs. Burks' note."

Upon the trial of the case, it appeared that the note in question had been given by the defendant in lieu of a note of her deceased husband to the order of the plaintiff and of two blank acceptances. Plaintiff called the defendant as his only witness, and she testified that she owned two or three houses and other real estate, and continued: "I was willing, if it was just, to pay it. I asked Mr. Kreiter what became of certain interests they owned together, and supposed the sale of those interests had made the settlement between them. He insisted that note remained after settlement. I did not believe it and

[Kreiter v. Miller.]

do not. I believe the note was found among Mr. Miller's private papers after his death and brought to me. I think he had filed it away in an envelope without cancelling it. I have the envelope. I think the acceptances are there also. I gave the note very unwillingly, and gave it with tears in my eyes. He upbraided me for it. I said it should be paid if it was just, but I believed there had been a settlement. After speaking in that way I asked him if he would give me that note and take mine. He said he would. The note he held was worthless, as there was no estate, and he was very willing to get mine. . . . Since the death of my husband I have had a constant struggle to get along. It never has been convenient for me to pay the note since I gave it to Mr. Kreiter. I have never had funds in my hands at any time without great inconvenience to pay the note."

The Court, HENDERSON, J., charged the jury:

"As at present advised, we are of opinion that the payment of the note in question is optional with the defendant. It is only to be paid at the convenience of the defendant, Mrs. Miller. Her convenience is a matter of her own concern and comfort. It is not for the Court and jury to determine. Your verdict, therefore, should be for the defendant."

Plaintiff excepted to the charge. The jury found for the defendant, and judgment was entered on the verdict. The plaintiff took a writ of error, assigning as error the charge of the Court.

*J. C. McAlarney* for plaintiff in error.

Defendant, by the terms of the note, limits her convenience to the time when she has funds in hand or is of ability to pay. The rule is well settled, that whenever the language of a written contract will permit, it should be so construed as to support rather than to destroy its legal obligation: Lewis *v.* Tipton, 10 Ohio State, 88; Edwards on Bills, 154; Jones *v.* Eisler, 3 Kansas, 134; Byles on Bills, 6 Ed., 152; Canover *v.* Stillwell, 34 New Jersey, 57; 2 Parsons on Contracts, 4 Ed., 18; Guier *v.* Page, 4 S. & R., 1; Chitty on Bills, 12 Am. Ed., 131; 2 Atk., 32; Bayley, 5; Works *v.* Hershey, 35 Iowa, 340; Ramot *v.* Schotenels, 15 Iowa, 457.

*H. M. Graydon* and *Francis Jordan* for defendant in error.

Contracts are enforceable, if at all, according to their terms, and if not made to be enforced, courts will not enforce them: 2 Parsons on Contracts, 4, 11, 27, 28; Union Canal Company *v.* Antillo, 4 W. & S., 553; Nelson *v.* Von Bonnhorst, 5 Casey, 352; N. W. Insurance Company *v.* Phœnix Oil and Canal Company, 7 Casey, 448; Benninger *v.* Hankee, 11 P.

F. Smith, 343 ; Barnard *v.* Cushing, 4 Metcalf, 230 ; Zaleski
*v.* Clark, 44 Con., 2, 18.

PER CURIAM: The note sued on was, by its terms, to be
paid by the defendant at her convenience, whenever she had
funds on hand to pay the same. The plaintiff accepted the
note with a full understanding of its terms. He was willing
to refer the payment of it to the plaintiff's own sense of
honor when she should herself consider it as convenient. He
called the defendant as a witness, and she testified that it
was not and never had been convenient for her to pay it.
What would there have been to have left to the jury? Surely
not to disbelieve the plaintiff's own evidence, and that the
only evidence in the case.

Judgment affirmed.